Fax sent by :                                                     01-26-10 09:18a    Pg:  1/8



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

10-247(JLL)

970 Broad Street, 7ᵗʰ Floor                                      (973) 645-2903
Newark, New Jersey 07102                                         FAX (973) 297-2006

January 22, 2010

<u>VIA FACSIMILE AT (973) 736-1712</u>

Stacy Ann Biancamano
Timothy M. Donohue
Arleo, Donohue & Biancamano, L.L.C.
622 Eagle Rock Avenue
West Orange, NJ 07052
(973) 736-8660

Re:  <u>Plea Agreement with Itzak Friedlander</u>
     <u>a/k/a "Isaac Friedlander"</u>

Dear Counsel:

This letter sets forth the plea agreement between your
client, Itzak Friedlander, and the United States Attorney for the
District of New Jersey ("this Office").  Should your client wish
to accept this agreement, the executed original must be received
by this Office no later than close of business on January 25,
2010.  If an executed agreement is not returned to this Office by
that date, this offer will expire.

<u>Charge</u>

Conditioned on the understandings specified below, this
Office will accept a guilty plea from Itzak Friedlander to a one-
count Information which charges him with conspiracy to launder
monetary instruments in violation of Title 18, United States
Code, Section 1956(h).  If Itzak Friedlander enters a guilty plea
and is sentenced on this charge, and otherwise fully complies
with all of the terms of this agreement, this Office will not
initiate any further criminal charges against Itzak Friedlander
for engaging in a money laundering scheme from in or about June
2007 to in or about July 2009.  However, in the event that a
guilty plea in this matter is not entered for any reason or the
judgment of conviction entered as a result of this guilty plea
does not remain in full force and effect, Itzak Friedlander
agrees that any dismissed charges and any other charges that are
not time-barred by the applicable statute of limitations on the
date this agreement is signed by Itzak Friedlander may be
commenced against him, notwithstanding the expiration of the
limitations period after Itzak Friedlander signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1956(h) to which Itzak
Friedlander agrees to plead guilty carries a statutory maximum
prison sentence of twenty years and a statutory maximum fine
equal to the greatest of: (1) $250,000; (2) twice the gross
amount of any pecuniary gain that any persons derived from the
offense; (3) twice the gross amount of any pecuniary loss
sustained by any victims of the offense; or (4) twice the amount
of the criminally derived property involved in the transaction.
Fines imposed by the sentencing judge may be subject to the
payment of interest.

The sentence to be imposed upon Itzak Friedlander is within
the sole discretion of the sentencing judge, subject to the
provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742,
and the sentencing judge's consideration of the United States
Sentencing Guidelines.  The United States Sentencing Guidelines
are advisory, not mandatory.  The sentencing judge may impose any
reasonable sentence up to and including the statutory maximum
term of imprisonment and the maximum statutory fine.  This Office
cannot and does not make any representation or promise as to what
guideline range may be found by the sentencing judge, or as to
what sentence Itzak Friedlander ultimately will receive.

Further, in addition to imposing any other penalty on Itzak
Friedlander, the sentencing judge: (1) will order Itzak
Friedlander to pay an assessment of $100 pursuant to 18 U.S.C. §
3013, which assessment must be paid by the date of sentencing;
(2) may order Itzak Friedlander to pay restitution pursuant to 18
U.S.C. §§ 3663 <u>et seq</u>.; (3) may order Itzak Friedlander, pursuant
to 18 U.S.C. § 3555, to give notice to any victims of his
offense; (4) may order forfeiture, pursuant to 18 U.S.C. § 982;
and (5) pursuant to 18 U.S.C. § 3583, may require Itzak
Friedlander to serve a term of supervised release of not more
than three years, which will begin at the expiration of any term
of imprisonment imposed.  Should Itzak Friedlander be placed on a
term of supervised release and subsequently violate any of the
conditions of supervised release before the expiration of its
term, Itzak Friedlander may be sentenced to not more than two
years' imprisonment in addition to any prison term previously
imposed, regardless of the statutory maximum term of imprisonment
set forth above and without credit for time previously served on
post-release supervision, and may be sentenced to an additional
term of supervised release.

## Forfeiture Provision

Itzak Friedlander agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982, he will forfeit to the United States any and all interest that he possesses in funds totaling $508,985.21 seized from Valley National Bank Account No. XXXX9097 held by Gmach Shefa Chaim (Seizure No. 3510-2009-F-0095). It is agreed that the property identified above is property over which Itzak Friedlander exercised dominion and control and that such property was involved in a violation of 18 U.S.C. § 1956 or is traceable to such property and therefore subject to forfeiture. Itzak Friedlander also agrees that his interest in all forfeited funds will be turned over to the government before sentencing.

With respect to the assets in which Itzak Friedlander has agreed to forfeit his interest, Itzak Friedlander waives any constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Itzak Friedlander by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Itzak Friedlander's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Itzak Friedlander agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or

- 3 -

conclusion upon the sentence.  Moreover, this agreement to
stipulate on the part of this Office is based on the information
and evidence that this Office possesses as of the date of this
agreement.  Thus, if this Office obtains or receives additional
evidence or information prior to sentencing that it determines to
be credible and to be materially in conflict with any stipulation
in the attached Schedule A, this Office shall not be bound by any
such stipulation.  A determination that any stipulation is not
binding shall not release either this Office or Itzak Friedlander
from any other portion of this agreement, including any other
stipulation.  If the sentencing court rejects a stipulation, both
parties reserve the right to argue on appeal or at post-
sentencing proceedings that the sentencing court was within its
discretion and authority to do so.  These stipulations do not
restrict the Government's right to respond to questions from the
Court and to correct misinformation that has been provided to the
Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Itzak
Friedlander waive certain rights to file an appeal, collateral
attack, writ or motion after sentencing, including but not
limited to an appeal under 18 U.S.C. § 3742 or a motion under 28
U.S.C. § 2255.

## Other Provisions

This agreement is limited to the United States Attorney's
Office for the District of New Jersey and cannot bind other
federal, state, or local authorities.  However, this Office will
bring this agreement to the attention of other prosecuting
offices, if requested to do so.

This agreement was reached without regard to any civil or
administrative matters that may be pending or commenced in the
future against Itzak Friedlander.  This agreement does not
prohibit the United States, any agency thereof (including the
Internal Revenue Service) or any third party from initiating or
prosecuting any civil proceeding against Itzak Friedlander.

No Other Promises

This agreement constitutes the plea agreement between Itzak Friedlander and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By:   Dustin Chao
Assistant U.S. Attorney

James B. Nobile
Chief
Special Prosecutions Division

I have received this letter from my attorneys, Stacy Ann
Biancamano, Esq. and Timothy M. Donohue, Esq., I have read it and
I understand it fully.  I hereby accept the terms and conditions
set forth in this letter and acknowledge that it constitutes the
plea agreement between the parties.  I understand that no
additional promises, agreements, or conditions have been made or
will be made unless set forth in writing and signed by the
parties.

AGREED AND ACCEPTED:


_____            Date:  1/25/10
Itzak Friedlander


_____            Date:  1/25/2010
Stacy Ann Biancamano, Esq.
Timothy M. Donohue, Esq.
Arleo, Donohue & Biancamano, L.L.C.
622 Eagle Rock Avenue
West Orange, NJ 07052
Counsel for Itzak Friedlander


- 6 -

Plea Agreement With Itzak Friedlander

Schedule A

1.   This Office and Itzak Friedlander recognize that the
United States Sentencing Guidelines are not binding upon the
Court.  Except as set forth in paragraph 9 below, this Office and
Itzak Friedlander nevertheless agree to the stipulations set
forth herein, and agree that the Court should sentence Itzak
Friedlander within the Guidelines offense level set forth below.
Except as set forth in paragraph 9 below, this Office and Itzak
Friedlander further agree that neither party will argue for the
imposition of a sentence outside the Guidelines range that
results from the agreed total Guidelines offense level.

2.   The version of the United States Sentencing Guidelines
effective November 1, 2009 applies in this case.

3.   The base offense level is 8 pursuant to U.S.S.G. §
2S1.1(a)(2).

4.   The value of the laundered funds was more than $120,000
but less than $200,000.  This results in an increase of 10
levels.  U.S.S.G. §§ 2S1.1(a)(2); 2B1.1(b)(1)(F).

5.   Itzak Friedlander shall plead guilty to 18 U.S.C. §
1956(h), and U.S.S.G. § 2S1.1, Application Note 3(C) does not
apply, therefore, pursuant to U.S.S.G. § 2S1.1(b)(2)(B), this
results in an increase of 2 levels.

Acceptance of Responsibility and Other Stipulations

6.   As of the date of this letter, Itzak Friedlander has
clearly demonstrated a recognition and affirmative acceptance of
personal responsibility for the offense charged.  Therefore, a
downward adjustment of 2 levels for acceptance of responsibility
is appropriate if Itzak Friedlander's acceptance of
responsibility continues through the date of sentencing.  See
U.S.S.G. § 3E1.1(a).

7.   As of the date of this letter, Itzak Friedlander has
assisted authorities in the investigation or prosecution of his
own misconduct by timely notifying authorities of his intention
to enter a plea of guilty, thereby permitting the government to
avoid preparing for trial and permitting the government and the
court to allocate their resources efficiently.  If Itzak
Friedlander enters a plea pursuant to this agreement and
qualifies for a 2-point reduction for acceptance of

- 7 -

responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Itzak Friedlander's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Itzak Friedlander will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

8.   In accordance with the above, the parties agree that the total Guidelines offense level applicable to Itzak Friedlander is 17 (the "agreed total Guidelines offense level").

9.   The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 17 is reasonable.  Itzak Friedlander reserves his right to seek a downward variance based upon his personal history and characteristics, in accordance with 18 U.S.C. § 3553(a)(1).  The United States reserves the right to oppose any such request.

10.   Itzak Friedlander knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17.  This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11.   Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.